

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 5, 1958

Honorable Weldon Cabaniss          Opinion No. WW-384
County Attorney
Aransas County                     Re:  Does Article 978j, Vernon's
Rockport, Texas                         Penal Code, repeal the effect
                                        of Article 952 1-10, Vernon's
                                        Penal Code as to the waters
                                        of Copano Bay, Mission Bay
                                        and connecting waters west of
                                        State Highway No. 35 in Aran-
Dear Mr. Cabaniss:                      sas County.

        You have requested the opinion of this office as to
whether Article 978j, Vernon's Penal Code, prohibiting the use
of seines, shrimp trawls and various types of nets in the waters
of Copano Bay, Mission Bay and connecting waters west of State
Highway No. 35 in Aransas County, has the effect of repealing
Article 952 1-10, Vernon's Penal Code, defining the offense of
possessing such equipment in these waters; and if Article 952
1-10 has not been repealed in this instance, whether the confis-
catory provisions of Section 3 thereof are mandatory.

        Subsequent to the receipt of your opinion request, you
advised the undersigned that the aforementioned waters are tidal
waters.

        Article 952 1-10, as amended, pertinently provides:

        ". . . It shall be unlawful for any person
to use a strike net, gill net, trammel net, or
shrimp trawl, contrary to the provisions of Chap-
ter 119, Page 269, Acts of the Regular Session of
the Forty-first Legislature [Article 941, Vernon's
Penal Code].

        "Sec. 2.  It shall be unlawful to have in
possession any seine, strike net, gill net, trammel
net, or shrimp trawl in or on any of the tidal
waters of this State where the use of said seine,
strike net, gill net, trammel net, or shrimp trawl
is prohibited from being used in taking or catching
fish and/or shrimp, . . .

        "Sec. 3.  When any officer of this State sees
any seine, strike net, gill net, trammel net, or

shrimp trawl in or on any of the tidal waters of this State <u>where the use of . . . [same] is prohibited from being used for the purpose of taking fish and/or shrimp</u>, and has reason to believe and does believe that the same is being used or possessed in violation of the provisions of this Act, it shall be his duty to arrest the party using or possessing . . . [same] and, without a warrant, shall seize . . . [same] as evidence. It shall be the duty of such officer to deliver. . . [same] to the County Judge or Justice of the Peace of the county in which it was seized, where it shall be held as evidence until after the trial. If the defendant is found guilty of possessing or using such seine, strike net, gill net, trammel net, or shrimp trawl unlawfully, the Court shall enter an order directing the immediate destruction of . . . [same] by the Sheriff or constable of the county where the case was tried, and the Sheriff or constable of the county shall immediately destroy . . . [same] and make a sworn report to said County Judge or Justice of the Peace, showing how, when and where . . . [same] was destroyed. When such device is found by an officer of this State in or on any of the tidal waters of this State without anyone in possession <u>where its use is prohibited</u>, it shall be seized by such officer without warrant and delivered to the County Judge or Justice of the Peace in the county in which it was found. Said officer shall make affidavit that such seine, strike net, gill net, trammel net or shrimp trawl was found in or on the tidal waters of this State at a point <u>where its use was prohibited</u>, which said affidavit shall describe . . . [same] and the Court shall direct the Sheriff or any constable of the county to post a copy of said affidavit in the Courthouse of the county in which . . . [same] was seized, and said officer shall make his return to the Court showing when and where said notice was posted. Thirty (30) days after such notice is posted, the Court, either in term time or in vacation, shall enter an order directing the immediate destruction of . . . [same] by the Sheriff or any constable in the county, and said officer executing said order, shall, under oath, make his return to said Court, showing how, when, and where . . . [same] was destroyed.

". . ." (Emphasis ours).

House Bill No. 360, Acts 50th Legislature, 1947, Regular Session, Chapter 149, page 253, codified under Article 978j, Vernon's Penal Code, was enacted at a later date. This Act provides:

"Section 1. It shall be unlawful for any person, firm or corporation, or their agent or agents, to use a seine, strike net, shrimp trawl, gill net or trammel net in any of the waters of Copano Bay, Mission Bay and connecting waters west of State Highway No. 35 in Aransas County, Refugio County and San Patricio County. . . .

". . .

"Sec. 3. All laws or parts of laws that conflict with this Act are hereby repealed.

". . ."  (Emphasis ours).

The provisions of Article 941, Vernon's Penal Code, were incorporated in the clause of Article 952 1-10, supra, relating to the unlawful use of shrimp trawls and certain types of nets; however, with the enactment of House Bill No. 360, 50th Legislature, supra, containing specific provisions relating to the use of such apparatus in Copano and Mission Bays, the applicability of Article 941, supra, to these waters has ceased. 39 Tex. Jur. 150, Statutes, Sec. 82.

Section 3 of House Bill No. 360, 50th Legislature, supra, purports to repeal all laws or parts of laws in conflict with its provisions. A conflict between statutes is said to exist where one permits or licenses that which another forbids and prohibits. See definitions of "conflict" in Words and Phrases, Vol. 8A, page 131. Article 952 1-10, supra, prohibits the possession of seines, shrimp trawls and a variety of nets in those tidal waters where the use of this equipment has been forbidden. Although House Bill No. 360, 50th Legislature, supra, prohibits the use of seines, shrimp trawls and various nets in Copano and Mission Bays and in certain of the connecting waters, no section of that Act denounces the mere possession of such equipment in these waters. Thus, it appears that the Legislature did not intend for this Act to comprehend the entire subject matter relating to the prohibitions against equipment of this nature insofar as the aforementioned waters are concerned, but rather that the mandate of the Act should be considered in pari materia with the non-conflicting provisions of the existing law on the subject. Ex parte Spann, 54 S.W.2d 510 (Tex. Crim. 1932). In our opinion the provisions of Article 952 1-10 were not repealed by House Bill No. 360, 50th Legislature; moreover, the possession of

seines, shrimp trawls or any of the enumerated types of nets in the waters described in the latter Act would constitute an offense punishable under Article 952 1-10.

In view of our answer to your first question, we next consider whether the provisions of Section 3 of Article 952 1-10, supra, are mandatory. In our opinion, once an officer is persuaded that any of the enumerated apparatus is being used or posessed in violation of the Article, he has no alternative but to seize the apparatus and deliver it to the appropriate judicial officer. Likewise, if the possessor of such equipment is found to be guilty of possessing or using it unlawfully, or in the event the possessor is not discovered, if an affidavit has been posted in the manner and for the duration prescribed, it is the duty of the Court forthwith to order the immediate destruction of the equipment and the officer to whom the order is directed shall proceed to execute the Court's command.

## SUMMARY

House Bill No. 360, 50th Legislature, 1947 (Article 978j, V.P.C.) prohibiting the use of seines, shrimp trawls and enumerated types of nets in Copano and Mission Bays and in the connecting waters west of State Highway No. 35 in Aransas, San Patricio and Refugio Counties, has not repealed Article 952 1-10, Vernon's Penal Code, prohibiting the possession of such equipment in these waters; and that when operative, the provisions of Section 3 of Article 952 1-10, Vernon's Penal Code, are mandatory.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
David R. Thomas
Assistant

DRT:wam:wb

Honorable Weldon Cabaniss, page 5   (WW-384)


APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
J. C. Davis, Jr.
Wayland C. Rivers, Jr.
C. K. Richards

REVIEWED FOR THE ATTORNEY GENERAL

BY:    W. V. Geppert